R. A. MYRICK ET UX. *v.* E. A. McRAVEN ET UX.

EJECTMENT.  *Revivor in name of heir and devisee. Proof necessary thereafter.*

In an ejectment suit, where the plea is not guilty, and an order is made, on the suggestion of the death of the plaintiff, reciting that it was suggested and not denied that M. was the heir and devisee of said plaintiff, and reviving the suit in the name of M., the question whether M. is the heir and devisee is not thereby determined, but is involved in the issue; and if the plaintiff, at the trial, fails to offer proof on the point, a judgment for the defendant, reciting, as its ground, that M. has failed to establish a legal title in herself as heir and devisee of the plaintiff, is proper, and will not be disturbed.

ERROR to the Circuit Court of Hinds County.

Hon. GEORGE F. BROWN, Judge.

This was an action of ejectment, commenced in the name of Samuel D. Kelly, against Elias A. McRaven and Margaret D. McRaven, his wife. The defendants pleaded not guilty. Subsequently, at the June Term, 1875, the death of Kelly was suggested, and the following order made in the cause : —

" The death of the plaintiff in this case having been suggested and not denied, it is by the court ordered that this cause be revived in the name of Elizabeth J. Myrick, as heir and devisee of the said S. D. Kelly, deceased, and her husband R. A. Myrick, and be and stand in the same plight as at the time of the death of the said S. D. Kelly."

In January, 1876, the case was tried by the court, neither party having asked for a jury, and the following judgment rendered : —

" It appearing to the satisfaction of the court that Mrs. Elizabeth J. Myrick has failed to establish a legal title in herself as heir and devisee of Samuel D. Kelly, deceased, to any of the lands specified in the declaration in this cause as against the said defendant, Mrs. Margaret D. McRaven : it is thereupon ordered and adjudged that said Mrs. Margaret D. McRaven retain possession of all of said lands, and that she and said Elias A. McRaven go hence, and recover of said Mrs. Elizabeth J. Myrick their costs," &c.

A motion for a new trial was made and overruled, and a bill of exceptions taken, which disclosed no evidence that Mrs. Elizabeth J. Myrick was either the heir or devisee of Samuel D. Kelly, deceased.

*E. E. Baldwin*, for the plaintiffs in error.

The decision of the lower court was that Kelly had not the legal title. The facts show that he had. The judgment should therefore have been for the plaintiffs.

*T. J. & F. A. R. Wharton*, for the defendants in error.

The failure of the plaintiffs to prove that Mrs. Elizabeth J. Myrick is heir or devisee of Samuel D. Kelly is fatal to their case. The plea of not guilty put the fact in issue. Code 1871, §§ 1541, 1543 ; *Hutto* v. *Thornton*, 44 Miss. 166 ; *Bernard* v. *Elder*, 50 Miss. 336. The order of revivor did not

determine the fact. But it should have been proved on the trial. Code 1871, § 1562.

SIMRALL, C. J., delivered the opinion of the court.

There is not a particle of proof in the record (and the case is brought up on the testimony) as to whether S. D. Kelly died testate or intestate. If he died testate, his will was not produced, so as to show who was his devisee; if intestate, it is not shown who were his heirs.

Mrs. Myrick cannot recover, unless she shows that the title of Kelly, the original plaintiff, has devolved upon her. Until that has been done, she cannot controvert the *bona fides* of the conveyance by McRaven to his wife, or challenge at all the rightfulness of her possession. It may have been from inadvertence that the proof was not made, or perhaps counsel may have supposed that the recital of the reason or right in which Mrs. Myrick and her husband were admitted parties to prosecute the suit was an ascertainment that she was heir and devisee of Kelly, deceased.

The effect of such suggestion and revivor is declared in § 1562, Code 1871 (art. 25, p. 391, Code 1857), to be as follows: "In case of the death, before trial, of a sole plaintiff, or of any of several plaintiffs, whose right does not survive to any other plaintiff, the legal representative of such deceased plaintiff may, by leave of the court, enter a suggestion of such death, and that he is such legal representative, and the action shall thereupon proceed, and the *truth* of the suggestion shall be tried on the trial of the action, together with the title of such deceased plaintiff," &c. Whether Mrs. Myrick was heir or devisee of the original plaintiff, Kelly, was as much involved in the issue tried as his title to the property.

On the evidence the finding and judgment could not have been for the plaintiffs.                    *Judgment affirmed.*